UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBERT J. TROISE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:14-cv-04275-NKL |
| STATE OF MISSOURI, | ) |
| OFFICE OF ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

Troise filed this lawsuit in the Northern District of Texas alleging employment discrimination arising out of the State of Missouri, Office of Administration's decision not to hire him. The Northern District of Texas permitted Troise to proceed in forma pauperis. The case was then transferred to this Court. Before the Court is Plaintiff Robert Troise's pro se Motion for Appointment of Counsel and Order for Discovery, [Doc. 24]. Troise's Motion for Order for Discovery is denied as moot, and Troise's Motion for Appointment of Counsel is denied without prejudice.

**I. Production of MCHR Report**

In his Motion, Troise requests production of a report completed by the Missouri Commission on Human Rights (MCHR) following an investigation of his employment discrimination claims. Troise states that he was interviewed by the MCHR but never received a copy of the completed report. In response to Troise's Motion, the Office of Administration filed a copy of a letter sent by the MCHR to Troise which states, in part, that "[b]ased on the investigation, the Executive Director was unable to conclude the information obtained

1

established violations of the Missouri Human Rights Act." [Doc. 29-1]. The Office of Administration also filed a copy of a right to sue letter sent to Troise by the United States Equal Employment Opportunity Commission, which adopted the findings of the MCHR. [Doc. 29-2]. Because Troise does not receive notifications through the Court's Electronic Case Filing system, the Office of Administration mailed copies of these letters, along with its response to Troise's Motion, to Troise at the address he provided. [Doc. 29, p. 4]. The Office of Administration stated in its response that other than the documents it attached, Troise "does not appear to request any other documents or discovery and, accordingly, the attached documents should resolve Plaintiff's request." *Id.* Troise did not file a reply stating that the documents provided by the Office of Administration were insufficient or that he was requesting additional or different documents. Therefore, the Court will presume that the documents provided satisfy Troise's request. His Motion requesting the production of those documents is denied as moot.[1]

## II. Appointment of Counsel

In his Motion, Troise includes a single sentence requesting that the Court appoint an attorney for him: "also would like to get court [appointed] atty." [Doc. 24]. Title VII, the federal employment discrimination statute, states, in part, that "in such circumstances as the court may deem just, the court may appoint an attorney . . . ." to a claimant suing under Title VII. 42 U.S.C. § 2000e-5(f)(1). However, because a civil litigant has no constitutional or statutory right to a court-appointed attorney, the decision whether to make an appointment is within the Court's "considerable discretion." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). The relevant criteria for determining whether an attorney should be appointed include the factual complexity

---

[1] In the future, Troise is reminded that before filing a motion to compel the production of a document, Local Rule 37.1 requires him to first contact the Defendant and attempt to resolve the matter with the Defendant via telephone or in person. If the matter remains unresolved, Troise must then contact the Court and request a teleconference to resolve a discovery dispute.

of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper Co. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A request for a court-appointed attorney may also be denied if the record is insufficient to determine, one way or the other, whether the appointment is necessary. *Id*.

Troise has been granted in forma pauperis status, but that does not necessarily mean he cannot afford to retain an attorney because "[s]ome attorneys take employment discrimination cases on a contingency fee basis which requires little to no up-front payment." *McCann v. New World Pasta Co.*, 2010 WL 4180717, at *1-2 (E.D. Mo. 2010). There is no evidence before the Court that Troise has made efforts to secure an attorney or that he has been unable to find an attorney willing to proceed on a contingency basis. Troise has made no statement regarding why he cannot independently investigate the facts surrounding the Office of Administration's decision not to hire him and has made no statement regarding the existence of conflicting testimony. Further, at this time, the Court cannot say that the factual or legal arguments in this case are of such a complex nature that it would be "just" to appoint counsel. The record before the Court is insufficient to support Troise's need for a court-appointed attorney. For these reasons, the Motion for Appointment of Counsel is denied. However, this denial is without prejudice as to Troise's right to file another motion for appointment of counsel at a later time. Any such motion should explain Troise's efforts to secure an attorney and why an attorney is necessary.

### III. Conclusion

For the reasons set forth above, Troise's Motion for Order for Discovery is denied as moot, and Troise's Motion for Appointment of Counsel is denied without prejudice.

s/ Nanette K. Laughrey
                                             NANETTE K. LAUGHREY
                                             United States District Judge

Dated: May 14, 2015
Jefferson City, Missouri