IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBERT J. TROISE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-cv-04275-NKL |
| | ) |
| STATE OF MISSOURI, | ) |
| OFFICE OF ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Robert J. Troise brings this pro se action for age and disability discrimination against Defendant State of Missouri, Office of Administration. Before the Court is the State's motion for summary judgment [Doc. 41]. For the following reasons, the Court grants the motion.

**I.     Background**

Prior to August 2013, 61-year-old Robert Troise applied for several information technology (IT) positions with the Office of Administration. Troise was selected to interview for at least one of these open positions, that of "Information Technologist I-IV." In June 2013, Thomas Sholes, an Information Technology Supervisor, conducted the interview with Troise. The Office of Administration did not extend Troise an offer of employment following his interview. It also did not hire him for any of the other open positions.

On August 12, 2013, Troise filed a Charge of Discrimination with the Missouri Commission on Human Rights. The charge alleged that Troise had "been denied employment due to [his] age . . . and [his] disability" and that "the [Office of Administration] has been hiring younger individuals with less experience" than Troise. [Doc. 42-1, p. 10.]

In a letter dated January 15, 2014, the Missouri Commission on Human Rights denied his charge and told Troise of his right to file a civil suit "within 90 days of the date of this letter." *Id.*

Troise's Complaint [Doc. 3], filed September 1, 2014, maintains that "he file[d] a Human Rights complaint," that he "still [does] not have" the Commission on Human Rights' right-to-sue letter, and that the Office of Administration "does not want older people." [Doc. 3, p. 1.] Construed liberally, the Court understands the Complaint to assert the following claims:

   I.   Violation of the Age Discrimination in Employment Act (ADEA)
   II.  Violation of the Americans with Disabilities Act (ADA)
   III. Violation of the Missouri Human Rights Act (MHRA)

**II.  Discussion**

The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matshushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 5734, 587 (1986). Therefore, to obtain summary judgment, a moving party must argue that "there is no genuine dispute as to any material fact" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56.

If the movant satisfies this burden, the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial" by similarly citing to particular materials in

2

the record. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986). Summary judgment is proper if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). *See also Wilson v. Southwestern Bell Tel. Co*., 55 F.3d 399, 405 (8th Cir. 1995) (a non-moving party must "make a sufficient showing on every essential element of its case") (citations omitted).

### A. ADEA

The State argues it is entitled summary judgment on Troise's ADEA claim because Troise has not established a prima facie case of age discrimination. Alternatively, if he has, the State maintains it has articulated legitimate, non-discriminatory reasons for its hiring decisions.

The ADEA makes it "unlawful for an employer . . . to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). To maintain an ADEA claim, a plaintiff must either offer direct evidence of discrimination or satisfy the *McDonnell Douglas* "burden-shifting scheme." *Holmes v. Trinity Health*, 729 F.3d 817, 821 (8th Cir. 2013) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–803 (1973)). Direct evidence is "evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1044 (8th Cir. 2011) (*quoting Thomas v. First Nat'l Bank of Wynne*, 111 F.3d 64, 66 (8th Cir. 1997)).

In response to Thomas Sholes' affidavit, which states that he "did not take into account, or base [his] decision on . . . age" when interviewing candidates, [Doc. 42-8, p. 3, ¶ 16], Troise alleges that Sholes pointedly mentioned age at the beginning of the interview. According to

3

Troise, Sholes asked "why should we hire you, when there are younger people with master degrees." [Doc. 44, p. 1.]

By referencing age in an interview setting, Sholes' alleged statement demonstrates a specific link between a discriminatory animus—that younger employees are preferable—and the Office of Administration's hiring process, where younger candidates were being considered for employment. *King v. United States*, 553 F.3d 1156, 1161 (8th Cir. 2009) (direct evidence includes "comments which demonstrate a discriminatory animus in the decisional process, or comments uttered by individuals closely involved in employment decisions") (*quoting King v. Hardesty*, 517 F.3d 1049, 1058 (8th Cir. 2008)). *See also Beshears v. Asbill*, 930 F.2d 1348, 1354 (8th Cir. 1991) (direct evidence of age discrimination where employer stated preference for younger employees).

Nonetheless, Troise does not present Sholes' alleged statements in a manner that would be admissible at trial. Troise does not state under oath that he heard Sholes' statement during the interview. On summary judgment, the nonmoving party creates a genuine issue of fact only when he points to admissible evidence. *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 923–24 (8th Cir. 2004). To be admissible, Troise's statement about Sholes must be contained in a document subject to the penalty of perjury, such as an affidavit or declaration. Fed.R.Civ.P. 56(c)(1)(A). This is because a statement subject to the penalty of perjury is more reliable than mere allegations, as there are consequences if the statement is not truthful.

Troise has not met this threshold requirement. His allegation is not an affidavit because it is not a sworn statement made before a notary public. *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) ("An affidavit, by definition, is 'a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath.'") (*quoting Pfeil v.*

4

*Rogers*, 757 F .2d 850, 859 (7th Cir. 1985). Troise's allegation is similarly not a declaration because he has not attested to its accuracy under penalty of perjury. 28 U.S.C. § 1746. Accordingly, there is no admissible evidence in the record that Sholes suggested he preferred younger employees.

Troise alleges no other facts that could constitute direct evidence of age discrimination. Direct evidence must be premised on first-hand knowledge, *Morgan v. A.G. Edwards & Sons, Inc.*, 486 F.3d 1034, 1043 (8th Cir. 2007), and Troise's only other argument based on personal knowledge is that Sholes' interview notes are false because Troise did not dress unprofessionally or curse, as the notes state he did. Even assuming Troise presented this evidence in admissible form, it lacks a strong causal link to age discrimination and thus does not "clearly point[] to the presence of an illegal motive." *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004). At most it creates an "*inference* of unlawful discrimination," which must instead be assessed "through the *McDonnell Douglas* analysis." *Id.* (emphasis added).

Thus Troise must satisfy the *McDonnel Douglas* burden-shifting scheme. Under this scheme, the plaintiff first must establish a prima facie case of discrimination by showing "(1) that the plaintiff was in the protected age group (over forty); (2) that the plaintiff was otherwise qualified for the position; (3) that the plaintiff was not hired; and (4) that the employer hired a younger person to fill the position." *Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 515 (8th Cir. 2011). *See also Ryther v. KARE 11*, 108 F.3d 832, 836 (8th Cir. 1997). At which point:

> A successful showing creates a presumption that the employer unlawfully discriminated against the plaintiff and shifts the burden to the employer to articulate a legitimate nondiscriminatory reason for its actions. If the employer meets this burden, the presumption of discrimination dissolves and the burden returns to the plaintiff to demonstrate that the proffered reason is a mere pretext for age

discrimination.

*Ridout v. JBS USA, LLC*, 716 F.3d 1079, 1083 (8th Cir. 2013) (internal citations omitted).

Even assuming Troise has established a prima facie case, the State has articulated legitimate, nondiscriminary reasons for its actions. The State's Statement of Uncontroverted Facts offers facts with supporting affidavits to establish that Troise applied to twelve positions with the Office of Administration, was interviewed for two of them, and was passed over for employment in favor of qualified candidates. *See* [Doc. 42.] The Statement notes that several of these candidates hired were over the age of 40. *See, e.g.* [*Id.*, p. 7, ¶ 47] (hired candidate was 58 years old). Regarding Troise's interview with Thomas Sholes, the State's admissible evidence indicates that Troise "'got off topic,' 'swore multiple times,' by saying 'hell' and 'damn,' and that he dressed less than our current level required'" at the interview. [*Id.*, p. 11, ¶ 86] (*quoting* [Doc. 42-8, p. 2, ¶ 12.]) The Office of Administration later hired candidate B.D., a 22-year-old female with relevant work experience, for the position because:

> [Her] work history gave her the experience in the areas necessary for this position, including formulating documentation for training, user manuals, and formal procedures. B.D. had experience creating marketing documents for sales and business recruitment, and she had worked in fast-paced roles with exposure to stressful situations that demanded attention to detail and timely resolution.

[Doc. 42, p. 11, ¶ 84.]

The State consequently has satisfied its burden under *McDonnell Douglas*, which requires only that the defendant *produce* evidence of legitimate nondiscriminatory reasons, not necessarily persuade the court that the evidence is true. *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 935 (8th Cir. 2006) (*citing Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000)) ("This burden is one of production, not persuasion; it can involve no credibility

assessment."). Here, the State offers evidence that B.D. was qualified for the position, and as the Eighth Circuit has noted in this context, "[i]dentifying those strengths that constitute the best qualified applicant is . . . a role best left to employers." *Duffy v. Wolle*, 123 F.3d 1026, 1038 (8th Cir. 1997), *abrogated on other grounds by Torgerson*, 643 F.3d at 1059 (*citing Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 781 (8th Cir. 1995)).

Accordingly, the burden shifts back to Troise to establish that the Office of Administration's reasons were mere pretext for age discrimination. A plaintiff must surmount a high bar to demonstrate pretext: he needs to show "that the employer's stated reason was false" and that "age [was] the 'but-for' cause of the employer's decision." *Tusing*, 639 F.3d at 516. In other words, the plaintiff must "create a reasonable inference," *Wingate*, 528 F.3d at 1080, that age discrimination was the "real reason" behind the actions the defendant took, *Floyd v. State of Missouri Dep't of Soc. Servs., Div. of Family Servs.*, 188 F.3d 932, 937 (8th Cir. 1999) (*quoting St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515 (1993)).

Troise cannot surmount this bar. To the extent Troise has responded to the State's Statement of Uncontroverted Facts, his arguments again constitute unsworn allegations that would be inadmissible at trial. His claim that the Office of Administration sought a younger female for the position is not based on first-hand knowledge and lacks any citation to the record. *See Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 800 (8th Cir. 2004) (a nonmoving party has not properly addressed an assertion when he offers "unreasonable inferences or sheer speculation as fact"). His contention that the Office generally seeks young candidates is also not based on first-hand knowledge and is speculative. *Postscript Enters. v. City of Bridgeton,* 905 F.2d 223, 226 (8th Cir. 1990) (a nonmoving party cannot survive summary judgment by offering evidence of which the declarant lacks personal knowledge). *See also Ruby v. Springfield R-12*

7

*Pub. Sch. Dist.*, 76 F.3d 909, 911 (8th Cir. 1996) (a nonmoving party cannot rest on denials or allegations, but must instead point to specific evidence in the record).

Troise claims that Sholes' notes from the interview are false, as discussed above. Yet Troise's allegations are inadmissible at trial because they are not submitted by sworn affidavit or verified declaration. *Mays v. Rhodes,* 255 F.3d 644, 648 (8th Cir. 2001) (finding that unsworn statements cannot defeat a summary judgment motion).

The Court recognizes that pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, when faced with a summary judgment motion, a pro se plaintiff must still present evidence he could prevail at trial and may not instead rely on "[m]ere allegations and conclusory statements." *Dunavant v. Moore*, 907 F.2d 77, 80 (8th Cir. 1990). *See also Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with . . . the Federal Rules of Civil Procedure."). Troise has not presented such evidence and consequently he cannot satisfy his burden under *McDonnell Douglas*.

The State's Motion for Summary Judgment on Troise's ADEA claim is GRANTED.

**B. ADA**

The State similarly argues that Troise has not established a prima facie case of disability discrimination, and, if he has, Troise has not shown that the Office of Administration was aware of his disability and acted pretextually in making his hiring decision.

Under the ADA, as amended by Congress in 2008, a plaintiff establishes a prima facie case when he shows:

> [T]hat he was a disabled person within the meaning of the ADA, that he was qualified to perform the essential functions of the job, and that he suffered an adverse employment action under

> circumstances giving rise to an inference of unlawful discrimination.

*Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 777 (8th Cir. 2012) (*quoting Kozisek v. Cnty. of Seward, Neb.*, 539 F.3d 930, 935 (8th Cir. 2008)) (citations omitted).

Troise has not established the first element of a prima facie case—that he was a disabled person within the meaning of the ADA. A "disability" under the ADA is "a physical or mental impairment that substantially limits one or more major life activities." *Nyrop v. Indep. Sch. Dist. No. 11*, 616 F.3d 728, 733 (8th Cir. 2010) (*quoting* 42 U.S.C. § 12102(1)(A)). Nowhere in Troise's Charge of Discrimination [Doc. 42-1], Complaint [Doc. 3], or Court Questionnaire [Doc. 7] does he state the physical or mental impairment from which he allegedly suffers.

Moreover, Troise has not disputed the State's contention, made in its Statement of Uncontroverted Facts, that "[e]mployees of Defendant have not been, and are not now, aware of any alleged disability of Plaintiff." [Doc. 42, p. 13, ¶ 105.] Troise therefore does not even *allege* that the State knew of his disability, and allegations themselves are insufficient to carry a prima facie case. *See Tusing*, 639 F.3d at 519-20 ("To defeat a motion for summary judgment, [a plaintiff] cannot rely on mere assertions that the [defendant's] decision-makers knew about her [disability]."). As such, Troise cannot create an inference of unlawful discrimination and has thus not established a prima facie case.

The State's Motion for Summary Judgment on Troise's ADA claim is GRANTED.

### C. MHRA

The State argues that Troise's claim under the MHRA is untimely, and that therefore the Court should enter summary judgment against Troise on this claim. It notes that the Missouri

Commission on Human Rights issued Troise a right-to-letter on January 15, 2014.  Troise filed suit in federal court on September 2, 2014—230 days later.

The MHRA "generally prohibit[s] employers from discriminating against employees 'because of' their age." *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 398 (8th Cir. 2011) (*citing* Mo. Rev. Stat. § 213.055(1)).  To bring a civil action under the MHRA, a party must first file a complaint with the Commission, *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994), after which he may request "a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint," Mo. Rev. Stat. § 213.111(1).  The statute is clear that "[a]ny action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter." *Id*.

Troise does not dispute that he brought his MHRA claim more than 90 days after the date of the notification letter.  He argues, however, that he never received and "still [does] not have" the letter.  [Doc. 3, p. 1.]  Troise's argument is unavailing.  As the State correctly points out, the 90-day period runs from the date listed on the notification letter, not from the date the letter is received.  *Hammond v. Mun. Correction Inst.*, 117 S.W.3d 130, 138 (Mo. Ct. App. 2003) (interpreting "ninety days from the date of the commission's notification letter" to unambiguously defeat plaintiff's argument that the 90-day period is not triggered until receipt).

Even if Troise premised an argument on the doctrine of equitable tolling, his claim would still fail.  Missouri courts have recognized that MHRA claims may be subject to equitable tolling when the plaintiff alleges an ongoing violation, which Troise does not claim or show here. *Pollock v. Wetterau Food Distribution Group*, 11 S.W.3d 754, 763 (Mo. Ct. App. 1999).  More generally, under Missouri law, a "statute of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature and the courts are not empowered to

10

extend those exceptions." *Shelter Mutual Insurance Co. v. Director of Revenue*, 107 S.W.3d 919, 923 (Mo. banc 2003) (*quoting Cooper v. Minor*, 16 S.W.3d 578, 582 (Mo. banc 2000)). One such exception applies when "the plaintiff was prevented from timely filing suit by the defendant's actions or other pending litigation." *Rolwing v. Nestle Holdings, Inc*., 437 S.W.3d 180, 184 (Mo. banc 2014).

The State did not prevent Troise from timely filing suit because Troise does not claim he lacked *notice* of his right to sue. Rather, Troise admits he received a copy of the EEOC decision but "misplace[d] it" and that he knew the Missouri Commission on Human Rights was going "to issue [a] right to sue" letter. [Doc. 7, pp. 7-8.] Troise only complains, therefore, that he never received the letter itself, notice notwithstanding. Equitable tolling is inappropriate in this situation.

Accordingly, the State's Motion for Summary Judgment on Troise's MHRA claim is GRANTED.[1]

### III. Conclusion

For the foregoing reasons, it is hereby ORDERED that the State's motion for summary judgment [Doc. 41] is GRANTED.

---

[1] In its Motion for Summary Judgment [Doc. 41] the State also urges summary judgment on Troise's sex discrimination claim, to the extent he makes one. The Court agrees that Troise has not made such a claim. He mentions only in his Suggestions in Opposition that Sholes "selected a younger female" for the position. [Doc. 44, p. 1.] Troise further offers no response in his briefing to the State's Motion for Summary Judgment on any hypothetical sex discrimination claim. Therefore, the Court declines to read a Title VII action into Troise's Complaint.

                                                    <u>s/ Nanette K. Laughrey</u>
                                                    NANETTE K. LAUGHREY
                                                    United States District Judge

Dated: <u>October 2, 2015</u>
Jefferson City, Missouri